IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYVANIA

| | |
|---|---|
| DOMINIC SERRANO, | : |
| Plaintiff | : DOCKET NO.: |
| | : |
| v. | : CIVIL ACTION LAW |
| | : |
| KALMBACH FEEDS, INC., | : |
| | : JURY TRIAL DEMANDED |
| Defendants | : |

## **COMPLAINT**

NOW COMES, Plaintiff, DOMINIC SERRANO, by and through his counsel, Peggy M. Morcom, Esquire and Morcom Law, LLC, and hereby files this Complaint alleging race discrimination and harassment pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000(e), et seq., and the Pennsylvania Human Relations Act, 43 P.S. §§ 951-963, and constructive discharge, and avers as follows:

## **JURSIDICTION AND VENUE**

1.    Jurisdiction is appropriate in this Court under 28 U.S.C. §1331 and §1367.

2.    Venue is proper because all parties reside or do business in this jurisdiction and all unlawful employment practices complained of occurred in this District.

3.    Plaintiff filed a Complaint with the Equal Employment Opportunity Commission (EEOC) on or about February 25, 2021, which was then also dually

filed with the Pennsylvania Human Relations Commission and exhausted his administrative remedies.

4.    A Right to Sue Letter was issued by the EEOC on April 28, 2021, and the same was received by the Plaintiff on April 30, 2021.  See Exhibit A, attached hereto.

## PARTIES

5.    Plaintiff, Dominic Serrano, is an adult individual who currently resides in Chambersburg, Franklin County, Pennsylvania.

6.    Plaintiff is mixed race - African American, Hispanic, and Caucasian.

7.    Defendant, Kalmbach Feeds, Inc. is an Ohio corporation with its principal place of business located at 7148 State Highway 199, Upper Sandusky, Ohio.

8.    Defendant maintains a feed mill and production plant at 908 Mount Rock Road, Shippensburg, Cumberland County, Pennsylvania, which is the site where Plaintiff was employed and all allegations complained occurred.

9.    Defendant employs in excess of 50 employees each.

10.    Defendant is an "employer" as that term is defined by Title VII of the Civil Rights Act.

## COUNT I

### Race Discrimination and Harassment

11.    Paragraphs 1 through 10 are incorporated by reference as though fully set forth herein.

12.    On August 14, 2019, Plaintiff was hired into the position of laborer on a full-time basis.  His rate of pay was $17.00/hour, and he worked up to 20 hours of overtime per week.

13.    Plaintiff was subjected to racial discrimination and harassment by Joe Monn, Caucasian ("Monn").

14.    Monn was a Shift Lead Person.  On a daily basis, he referred to Plaintiff as "broke-back n****r and "dumb n****r".   This action was based upon Mr. Plaintiff's perceived race of African-American.

15.    Plaintiff was subjected to racial discrimination and harassment by Austin Little, a jockey truck driver ("Little").

16.    Little repeated stated to Plaintiff, "Someone should hang you from the top of the mill like your ancestors."

17.    Plaintiff complained to Monn and Little regarding their racially charged statements.  Monn and Little continued the behaviors.

18.    Plaintiff complained to management, the owners, and human resources on multiple occasions.

19.   No action know to Plaintiff was taken by Defendant, as the behaviors of Monn and Little continued after his complaints.

20.   Continuing to be subjected to a work environment full of racial animus, Plaintiff believed he had no alternative but to terminate his employment.

21.   Plaintiff resigned his employment on August 8, 2020, because the actions of Monn and Little and the omissions of Defendant resulted in a significant alteration in the terms and conditions of employment, including Plaintiff's substantial fears of violence in the workplace based upon his race.

22.   Defendant offered Plaintiff the option to return to work, but Monn and Little continued to be employed and he legitimately feared continued harassment.

23.   The actions of the Monn and Little, as described above were a willful course of conduct, which continued unabated even after Plaintiff's internal complaints to Defendant.

24.   As a direct and proximate result of the above-described actions, Plaintiff suffered financial injury, including but not limited to future loss of earnings, loss of earning potential, and loss of benefits.

25.       As a direct and proximate result of the above-described actions, Plaintiff suffered from emotional and mental injuries, including, but not limited to, past and present pain and suffering, humiliation, embarrassment, and anxiety.

4

26.     As a direct and proximate result of the above-described conduct, Plaintiff suffered professional injuries including, but not limited to, his reputation, work development, and loss of potential promotions.

## COUNT II

## Violations of the Pennsylvania Human Relations Act (PHRA)

27.     Paragraphs 1 through 26 of the Complaint are incorporated by reference, as though fully set forth herein.

28.     Plaintiff was an "employee" of Defendant as that term is defined by the PHRA.

29.     Defendant employs four or more persons within the Commonwealth of Pennsylvania and is an "employer" under the PHRA.

30.     The actions of the Defendant as enumerated above are in violation of the PHRA.

31.     As a direct and proximate result of the above-described actions, Plaintiff suffered financial injury, including but not limited to future loss of earnings, loss of earning potential, and loss of benefits.

32.     As a direct and proximate result of the above-described actions, Plaintiff suffered from emotional and mental injuries, including, but not limited to, past and present pain and suffering, humiliation, and anxiety.

33.     As a direct and proximate result of the above-described conduct, Plaintiff suffered professional injuries including, but not limited to, his reputation, work development and loss of potential promotions.

## COUNT III

### Constructive Discharge

34.     Paragraphs 1 through 33 of the Complaint are incorporated by reference, as though fully set forth herein.

35.     Plaintiff complained on numerous occasions to management, human resources, and the owners regarding discrimination and harassment in the workplace.

36.     No action was taken by Defendant relative to his complaints of discrimination and harassment.

37.     The discrimination and harassment continued throughout his employment with Defendant.

38.     The action of Monn and Little and the failure to act by the Defendant resulted in such intolerable and difficult work conditions for the Plaintiff, a reasonable person.

39.     On August 8, 2020, Plaintiff believed he had no other choice but to terminate his employment with Defendant as a result of the racially charged

discriminatory and harassing workplace, because there was no corrective action by Defendant and Monn and Little continue to be employed.

40.       It is averred and believed that as of July 1, 2021, Monn and Little continue to be employed

41.       As a direct and proximate result of the above-described actions, Plaintiff suffered financial injury, including but not limited to future loss of earnings, loss of earning potential, and loss of benefits.

42.       As a direct and proximate result of the above-described actions, Plaintiff suffered from emotional and mental injuries, including, but not limited to, past and present pain and suffering, humiliation, embarrassment, and anxiety.

43.       As a direct and proximate result of the above-described conduct, Plaintiff suffered professional injuries including, but not limited to, his reputation, work development, and loss of potential promotions.

## **REQUESTED RELIEF**

WHEREFORE, Plaintiff, Dominic Serrano, respectfully requests this Honorable Court to grant Judgment in his favor and against Defendant for damages in an amount in excess of $75,000.00, plus interest and costs of suit as well as the following:

(a)     Exercise jurisdiction over this matter;

(b)    Order Defendant to reimburse Plaintiff for all salary and benefits lost

by him as a result of Defendant's actions, and in an amount in excess

of $50,000.00, including but not limited to front pay, back pay, and

compensatory damages;

(c)    Award Plaintiff punitive damages;

(d)    Award Plaintiff all costs of this action, including reasonable attorney's

fees;

(e)    Grant Plaintiff such other and further relief as this court deems just

proper and equitable.

Respectfully submitted,


 s/Peggy M. Morcom
Peggy M. Morcom, Esquire
Atty. ID No.: 92463
Morcom Law, LLC
226 W. Chocolate Avenue
Hershey, PA 17033
(717) 298-1907
pmorcom@morcomlaw.com
Counsel for Plaintiff

Date: 7/16/21

## <u>VERIFICATION</u>

The undersigned hereby verifies that the statements in the foregoing document are based upon information which has been furnished to counsel by me and information which has been gathered by counsel in the preparation of this lawsuit.  The language of the foregoing document is that of counsel and not my own. I have read the foregoing document and to the extent that it is based upon information which I have given to counsel, it is true and correct to the best of my knowledge, information and belief. To the extent that the contents of the foregoing document are that of counsel, I have relied upon my counsel in making this verification. The undersigned also understands that the statements therein are made subject to the penalties of 18 Pa.C.S §4904 relating to unsworn falsification to authorities.

Dominic Serrano

Date: 7-15-21

EEOC Form 161 (11/2020)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Dominic Serrano<br>3445 Gregway Drive<br>Chambersburg, PA 17202 | From: | Philadelphia District Office<br>801 Market Street<br>Suite 1000<br>Philadelphia, PA 19107 |
|---|---|---|---|

☐  *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2021-02210 | Legal Unit,<br>Legal Technician | (267) 589-9707 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒  The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

☐  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐  Other (*briefly state*)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Dana R. Hutter*

**Dana R. Hutter,**
**Deputy Director**

Enclosures(s)

4/28/2021

*(Date Issued)*

cc:
**Marion Little, Esq.**
**Zeiger Tigges & Little LLP**
**41 S HIGH ST; STE 3500**
**Columbus, OH 43215**

**Peggy M. Morcom, Esq.**
**MORCOM LAW**
**226 West Chocolate Avenue**
**Hershey, PA 17033**



EXHIBIT
A